UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SHARON J. RHOADES,

*Plaintiff,*

and

GREENBRIAR CORPORATION; AMERICAN
CARE COMMUNITIES, INCORPORATED,
*Defendants-Appellants,*

v.

FLOYD B. RHOADES,
*Defendant-Appellee.*

No. 01-1616

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-99-669-5-BR)

Argued: November 1, 2001

Decided: December 26, 2001

Before NIEMEYER, WILLIAMS, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Camden Robert Webb, MAUPIN, TAYLOR & WILLIS,
P.A., Raleigh, North Carolina, for Appellants. James T. Johnson,
LEWIS & ROBERTS, P.L.L.C., Raleigh, North Carolina, for Appel-

lee. **ON BRIEF:** M. Keith Kapp, MAUPIN, TAYLOR & WILLIS, P.A., Raleigh, North Carolina, for Appellants. James A. Roberts, III, LEWIS & ROBERTS, P.L.L.C., Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

In this diversity case, Greenbriar Corp. (Greenbriar) brings claims of fraud, constructive fraud, unfair trade practices, and indemnification against Floyd Rhoades, its former CEO and the former majority shareholder of American Care Communities, Inc., a North Carolina corporation (American Care-NC), which was acquired by Greenbriar in 1996. Greenbriar alleges that Floyd Rhoades breached his fiduciary duties to American Care-NC and Greenbriar in connection with an employment agreement which he negotiated with his wife, Sharon Rhoades, who at the time was a minority shareholder of American Care-NC. The district court found that Greenbriar was clearly and fully informed as to the terms of Sharon Rhoades's employment agreement and ratified it. Accordingly, the district court granted summary judgment in favor of Floyd Rhoades. Finding no reversible error, we affirm.

I.

A.

In 1992, Floyd and Sharon Rhoades married. In 1993, Floyd Rhoades founded American Care-NC. Floyd Rhoades owned more than 70% of the company's stock and served as both president and a director of the company. Sharon Rhoades owned 10% of the stock of American Care-NC and was the company's Vice President for Opera-

tions, as well as a member of the company's board of directors. Gary Smith was a shareholder and the only other director of American Care-NC.

In 1995, the Rhoadeses began experiencing marital difficulties, and as a result, they separated in February 1996. Between February and December 1996, they considered divorce, discussed the division of marital property, and discussed alimony. On December 11, 1996, Floyd Rhoades, but not Sharon, signed one of several drafts of a Separation Agreement and Property Settlement, but no final agreement was reached until November 5, 1997. In the preliminary agreement of December 11, Floyd Rhoades promised to provide Sharon Rhoades with an employment contract with American Care-NC.[1] Two days later, Floyd Rhoades, on behalf of American Care-NC, signed an Employment Agreement with Sharon Rhoades which altered her duties and which increased her salary from $80,000 to $125,000 for a period of three years. Under the contract, Sharon Rhoades was to report only to the President of the company who, until October 1998, was Floyd Rhoades. Smith was not informed of the employment agreement, nor was it approved by American Care-NC's Board of Directors.

During December of 1996, American Care-NC and Greenbriar completed the final stages of negotiating a merger of the two companies. The merger resulted in Greenbriar assuming the obligations of American Care-NC.[2] During the merger negotiations, Greenbriar was not aware that the Rhoadeses had discussed Sharon Rhoades's employment agreement in the context of their divorce settlement. As the discussion in Part II below demonstrates, however, Greenbriar was fully informed of all material terms of the Sharon Rhoades employment agreement prior to the consummation of the merger.

---

[1] The final agreement between the Rhoadeses included a personal guarantee of Sharon's employment agreement by Floyd Rhoades.

[2] The merger was accomplished by merging American Care-NC into wholly-owned Greenbriar subsidiary American Care Communities, Inc., a Nevada corporation.

B.

Sharon Rhoades filed her complaint in state court against Greenbriar Corporation and American Care Communities, Inc. and Floyd Rhoades on August 1, 1999. This case was removed to the district court based on diversity of citizenship.[3] On March 28, 2001, following discovery, the district court, in the portion of its order relevant to this appeal, granted summary judgment for Sharon Rhoades on her claims against Floyd Rhoades and Greenbriar and dismissed all of Greenbriar's crossclaims against Floyd Rhoades. The judgment made Floyd Rhoades and Greenbriar jointly and severally liable to Sharon Rhoades for $111,642.44. Greenbriar timely appealed from both the grant of summary judgment in Sharon Rhoades's favor and the dismissal of its counterclaims against Sharon Rhoades and crossclaims against Floyd Rhoades. Greenbriar and Sharon Rhoades have settled their dispute, and Sharon Rhoades has been dismissed as a party to this appeal.

Greenbriar argues on appeal that Floyd Rhoades's motive for executing the employment agreement with Sharon Rhoades was a desire to reduce or eliminate alimony payments; that this motive was a material fact which was not disclosed to American Care-NC's board of directors or to Greenbriar; that the terms of the agreement were not effectively disclosed to Greenbriar; and that as a result, Floyd Rhoades did not disclose material facts which he had a fiduciary duty to disclose regarding the transaction. Consequently, Greenbriar argues that it has established the predicate for its fraud, constructive fraud, unfair trade practices, and indemnification claims, and it argues further that it cannot be deemed to have ratified the employment agreement.

II.

This Court reviews a grant of summary judgment de novo, viewing all facts and inferences in the light most favorable to the non-

---

[3]Floyd Rhoades is a citizen of California; Sharon Rhoades is a citizen of North Carolina; Greenbriar Corp. and its American Care Communities, Inc. subsidiary are Nevada corporations whose principal places of business are in Texas. The amount in controversy exceeds $75,000.

prevailing party. *See Providence Square Assoc., L.L.C. v. G.D.F., Inc.*, 211 F.3d 846, 850 (4th Cir. 2000). All evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his or her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We have reviewed the record, briefs, and pertinent case law on this matter, and we have had the benefit of oral argument. Our careful review persuades us that the district court correctly granted summary judgment in favor of Floyd Rhoades. *See Rhoades v. Greenbriar Corp.*, No. 5:99-CV-669-BR(2) (W.D.N.C. March 28, 2001) (J.A. at 535). Greenbriar's president, James Gilley, testified that during November of 1996, he agreed with Floyd Rhoades that Sharon would be given an employment contract and that Floyd Rhoades, who later became CEO of Greenbriar on December 16, 1996, told him that this would involve increasing her salary. Gilley also stated that he was aware prior to the closing of the merger that Floyd and Sharon Rhoades were separated due to marital difficulties. Ronald Brown, Greenbriar's merger attorney, reviewed the Sharon Rhoades employment agreement prior to the consummation of the merger and forwarded what he referred to as "Greenbriar's comments" regarding the agreement to American Care-NC's attorney. (J.A. at 154.). American Care-NC's attorney returned a copy to Brown showing Brown's changes incorporated in blackline. A draft of the agreement was faxed to Greenbriar's Chief Financial Officer, Gene Bertcher, as well as to Brown on December 12, 1996, marked "for your review." (J.A. at 147.). The "merger binder" prepared for the merger between American Care-NC and Greenbriar included a copy of the Sharon Rhoades employment agreement; the facsimile transmission line on this copy of the employment agreement suggests it was added to the binder on December 27. Greenbriar admits having received a copy of the binder before December 31, 1996. The merger binder was delivered to Floyd Rhoades as CEO of Greenbriar, as well as to Brown and Bertcher. It is therefore clear that Greenbriar had adequate notice, verbally and in writing, of all material facts regarding the employment agreement in question and thus must be deemed to have ratified American Care-NC's obligation to Sharon Rhoades.[4] Under North Carolina law,

---

[4]We note that from the time of the merger until February 6, 1999, Sharon Rhoades continued to work for Greenbriar under the terms of the

Greenbriar's constructive fraud, fraud, unfair trade practices, and indemnification claims fail, as Greenbriar bases each of these claims on Floyd Rhoades's alleged nondisclosure of material facts. Accordingly, we affirm the grant of summary judgment in favor of Floyd Rhoades on the reasoning of the district court.

*AFFIRMED*

employment agreement. In terminating Rhoades during February of 1999, Greenbriar stated that her termination was "pursuant to" the employment agreement at issue in this case. (J.A. at 378.) Further, Greenbriar performed under the contract in question for a period of approximately two years and continued to perform for several months following Floyd Rhoades's departure from Greenbriar.